IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| CHARLES L. SPICER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08 C 3577 |
| | ) | |
| J.R. WALLS, Warden, | ) | |
| Western Illinois Correctional Center, | ) | The Honorable |
| | ) | David H. Coar, |
| Respondent. | ) | Judge Presiding. |

## <u>ANSWER</u>

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and this Court's order of August 4, 2008, (Doc. 8), respondent J.R. WALLS answers petitioner's petition for a writ of habeas corpus as follows:

1.      Petitioner Charles L. Spicer, identified as prisoner number B41920, is in the custody of respondent Warden J.R. Walls at the Western Illinois Correctional Center in Mount Sterling, Illinois.

2.      In 2001, petitioner was charged in the Circuit Court of Cook County of aggravated sexual assault and forgery based on an incident in which he entered an elderly woman's home, bound and sexually assaulted her and forced her to write him a blank check. *People v. Spicer*, 884 N.E.2d 675, 679 (Ill. App. 2007), *modified upon denial of rehearing* (2008); (Exhs. A, G).

3.      While petitioner was awaiting trial on these charges, he filed two

petitions challenging his pre-trial custody in this Court: *United States ex rel. Spicer v. Holmes*, No. 04 C 639 (N.D. Ill.) (Coar, J.), and *United States ex rel. Spicer v. Sheahan*, No. 04 C 7267 (N.D. Ill.) (Coar, J.). Both cases were dismissed without prejudice. (No. 04 C 639, Doc. 4; No. 04 C 7267, Doc. 21). As these petitions were brought under 28 U.S.C. § 2241, petitioner's current petition is not a "second or successive" petition for purposes of 28 U.S.C. § 2244. *Jacobs v. McCaughtry*, 251 F.3d 596, 597-98 (7th Cir. 2001) (per curiam) (habeas petition filed pretrial "is properly classified as a § 2241 petition" and "§ 2244, by its terms, does not apply to petitions brought under § 2241"); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Consequently, this Court has subject matter jurisdiction to adjudicate the present petition.

4.      In July 2005, petitioner was tried before a jury. The victim, who was suffering from dementia and a past stroke, did not testify, but a doctor who examined the victim the day after the attack testified that she told him that petitioner "tied and raped" her. *Spicer*, 884 N.E.2d at 681-82. Petitioner was convicted of sexual assault and forgery and was sentenced to consecutive prison terms of thirty and five years' imprisonment, respectively. *Id.* at 679.

5.      On direct appeal to the Appellate Court of Illinois, petitioner argued that:

> A.      the admission of the doctor's testimony as to the victim's statement that she was "tied and raped" violated the hearsay rule and petitioner's Sixth Amendment right to confront witnesses;

      B.     the evidence was insufficient to convict him of forgery;

      C.     the prosecutor misstated the law of forgery during closing arguments; and,

      D.     was denied a fair sentencing hearing. *Id.* at 682; (Exh. B).

In affirming petitioner's conviction and sentence, the appellate court held that a Confrontation Clause violation occurred, but the error was harmless beyond a reasonable doubt because the other evidence supporting the sexual assault conviction was overwhelming. *Id.* at 679, 685-92. The appellate court denied rehearing on February 25, 2008 and petitioner did not file a petition for leave to appeal (PLA) to the Supreme Court of Illinois.[1] *Id.* at 679.

      6.     On June 23, 2008, petitioner filed his present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising three claims:[2]

      I.     The admission of the doctor's testimony as to the victim's statement that she was "tied and raped" violated the Sixth Amendment right to confront witnesses;

      II.     The evidence was insufficient to convict him of forgery

      III.     The evidence was insufficient to convict him of sexual assault.

      7.     In compliance with Rule 5 of the Rules Governing Section 2254 Cases

---

[1] Although petitioner states in his present petition that he sought leave to appeal to the Supreme Court of Illinois, neither the Appellate Court of Illinois nor the Supreme Court of Illinois has any record of petitioner filing a PLA.

[2] Respondent interprets petitioner's assertions that the victim "did not come to court" (Pet. at 5), and that the doctor's testimony was hearsay (Pet. at 6), to raise a Confrontation Clause Claim. Respondent interprets petitioner's contention that "[all eviden[ce] was inconclusive" (Pet. at 5), as a challenge to the sufficiency of the evidence on the forgery count.

in the United States District Courts, respondent has filed Exhibits A-G, under

separate cover:

Exhibit A:    Docket Sheet, *People v. Spicer*, No. 01 CR 23568 (Circuit Court
of Cook County);

Exhibit B:    Petitioner's Brief, *People v. Spicer,* No. 1-05-3358 (Ill. App.);

Exhibit C:    State's Brief, *People v. Spicer*, No. 1-05-3358 (Ill. App.);

Exhibit D:    Petitioner's Reply Brief, *People v. Spicer*, No. 1-05-3358 (Ill.
App.);

Exhibit E:    State's Petition for Rehearing, *People v. Spicer*, No. 1-05-3358
(Ill. App.);

Exhibit F:    Petitioner's Petition for Rehearing, *People v. Spicer*, No. 1-05-
3358 (Ill. App.); and

Exhibit G:    Decision, *People v. Spicer*, 884 N.E.2d 675 (Ill. App. 2007),
*modified upon denial of rehearing* (2008).

In compliance with Rule 5, respondent reports that the state court record is

in the custody of the Circuit Court of Cook County.

## I.    Petitioner Procedurally Defaulted All Three Of His Claims By Failing To Present Them To The Supreme Court Of Illinois On Direct Appeal.

To avoid procedural default, petitioner must present his claims to both the

Appellate Court of Illinois and Supreme Court of Illinois.  *O'Sullivan v. Boerckel*,

526 U.S. 838, 845 (1999); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

"The petitioner must raise the issue at each and every level in the state court

system." *Lewis*, 390 F.3d at 1025 (citing *Boerckel*, 526 U.S. at 845).  If the

petitioner fails to present his claims to the state courts, and the time for doing so

-4-

has passed, the claims are defaulted.  *See, e.g.*, *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).  Procedural default bars federal review unless petitioner shows "cause" and prejudice for the default or demonstrates his innocence.  *See id.* at 514-15.

Here, petitioner missed his opportunity to present his claims to the Supreme Court of Illinois on direct appeal.  Although petitioner raised Claims I and II to the appellate court on direct appeal, he did not raise these claims in a PLA to the Supreme Court of Illinois, and the time for doing so has passed.  *See* Illinois Sup. Ct. R. 315(b)(1) (PLA must be filed within 35 days of denial of rehearing). Accordingly, Claims I and II are procedurally defaulted.   *Boerckel*, 526 U.S. at 845.

Furthermore, these claims may not be asserted in a postconviction petition because they were based solely on the trial record and were adjudicated by the state appellate court.  As of July 31, 2008, petitioner has not filed a postconviction petition under the Illinois Post-Conviction Hearing Act 725 ILCS 5/122-1 *et seq.* (Act).  But even if petitioner had time to do so (*see* 725 ILCS 5/122-1(c)), it would not avail him.  "[A] post-conviction proceeding [under the Act] allows inquiry only into constitutional issues that were not, and could not have been, adjudicated on direct appeal.  Thus, issues that were raised and decided on direct appeal are barred from consideration by the doctrine of res judicata; issues that could have been raised, but were not, are considered waived."  *People v. Pitsonbarger*, 793 N.E.2d 609, 619 (Ill. 2002) (citing *People v. Towns*, 696 N.E.2d 1128, 1134-35 (Ill. 1998); *see also*

*Franklin v. Moore*, 188 F.3d 877, 883 (7th Cir. 1999). Claims I and II were, in fact, adjudicated on direct appeal by the Appellate Court of Illinois so the Act does not provide a procedural vehicle in which to bring them. As a result, petitioner has no available state remedies for these two claims. Accordingly, Claims I and II are procedurally defaulted.

The result is the same with Claim III even though petitioner did not raise that claim on direct appeal. Because that claim, too, was based solely on the trial record, petitioner was required to raise it on direct appeal and cannot now raise it in state postconviction petition. Under the Act, a claim that could have been properly raised during petitioner's direct appeal is barred on postconviction review by Illinois's doctrine of waiver. *See Franklin*, 188 F.3d at 883; *Pitsonbarger*, 793 N.E.2d at 619. Thus, Claim III is likewise defaulted. Because petitioner has neither alleged nor demonstrated "cause" and prejudice for his default nor actual innocence, the default bars federal review of his claims. *See Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478 (1986)); *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

## CONCLUSION

This Court should dismiss petitioner's petition with prejudice because his claims are procedurally defaulted.  Should this Court determine that any of the claims presented in the petition are not procedurally defaulted, respondent requests thirty days from the entry of the Court's order to file a supplemental answer.

September 2, 2008                                  Respectfully submitted,

                                                   LISA MADIGAN
                                                   Attorney General of Illinois

                              By:    /s/ Charles Redfern____
                                     CHARLES REDFERN, Bar # 6283811
                                     Assistant Attorney General
                                     100 W. Randolph Street, 12th Floor
                                     Chicago, IL 60601-3218
                                     PHONE: (312) 814-3565
                                     FAX: (312) 814-2253
                                     EMAIL: credfern@atg.state.il.us

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 2, 2008, I electronically filed respondent's **Answer** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system and on the same date mailed a copy of this document via the United States Postal Service to the following non-CM/ECF user:

> Charles L. Spicer, B41920
> Western Illinois Correctional Center
> 2500 Rt. 99 South
> Mount Sterling, Illinois 62353

> /s/ Charles Redfern
> CHARLES REDFERN, Bar # 6283811
> Assistant Attorney General
> 100 W. Randolph Street, 12th Floor
> Chicago, IL 60601-3218
> PHONE: (312) 814-3565
> FAX: (312) 814-2253
> EMAIL: credfern@atg.state.il.us