# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| CHARLES L. SPICER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No.  08 C 3577 |
| v. | ) | |
| | ) | |
| SCOTT McKEE, Warden | ) | HONORABLE DAVID H. COAR |
| | ) | |
| Respondent.[1] | ) | |

## MEMORANDUM OPINION AND ORDER

Charles L. Spicer, an Illinois prisoner, has filed a petition for a writ of habeas corpus, and the state has answered.  *See* 28 U.S.C. § 2254.  For the following reasons, Spicer's petition is DENIED, and the court declines to issue a certificate of appealability.

## BACKGROUND

On August 8, 2001, Charles Spicer entered the home of Juanita Cartman, an elderly woman of seventy five or seventy six years; bound her with duct tape; sexually assaulted her; and forced her to write out a $7,000 check with the payee line left blank.  Spicer was arrested later that day while attempting to cash the check.  He was eventually tried before a Cook County jury, who convicted him of forgery and aggravated sexual assault on September 6, 2005.  Spicer was sentenced to consecutive terms of five and thirty years, respectively.

At the time of Spicer's trial, Mrs. Cartman was suffering from dementia and the effects of a previous stroke; she was therefore unable to testify.  On the day of the incident, however, Mrs. Cartman had been treated in the emergency room by Dr. Jeffrey Lahti.  During the exam, Mrs.

---

[1] Spicer is incarcerated at Western Illinois Correctional Center, where Scott McKee has replaced J.R. Walls, the original respondent, as warden.  McKee is therefore the proper respondent. *See Bridges v. Chambers*, 425 F.3d 1048,1049 (7th Cir. 2005).

Cartman told Dr. Lahti that she had been "tied and raped."  Citing the common-law hearsay

exception for statements made to treating physicians, the trial judge allowed Dr. Lahti to testify

to what Mrs. Cartman had told him.  (Exh. B at 6.)

On direct appeal, Spicer challenged his conviction on four grounds: (1) the admission of

Dr. Lahti's testimony violated the hearsay rule and his Sixth Amendment right to confrontation;

(2) the evidence was insufficient to convict him of forgery; (3) the prosecutor misstated the law

of forgery during closing argument; and (4) he was denied a fair sentencing hearing.  (*Id.* at i-iii.)

The appellate court affirmed Spicer's conviction in an order dated December 10, 2007.  *People v.

Spicer*, 2007 Ill. App. LEXIS 1281 (Ill. App. Ct. Dec. 10, 2007).  The court found, as relevant

here, that although the admission of Dr. Lahti's testimony violated the Confrontation Clause, the

error was harmless beyond a reasonable doubt, since the other evidence supporting Spicer's

sexual assault conviction was overwhelming.  *Id.* at 35-37; *People v. Spicer*, 884 N.E.2d 675,

692 (Ill. App. Ct. 2008) (same result reached in modified opinion issued upon denial of

rehearing).  The State filed a petition for rehearing on the grounds that under *In re E.H.*, 224 Ill.

2d 1172 (Ill. 2006), it was error for the court to engage in a substantive analysis of the

confrontation-clause issue given the court's finding that admission of the statement was

harmless.  The appellate court denied rehearing on February 25, 2008.  *People v. Spicer*, 2008 Ill.

App. LEXIS 248 (Ill. App. Ct. Feb. 25, 2008).  Spicer claims that the Supreme Court of Illinois

either denied his appeal or denied him leave to appeal sometime in April 2008.  (R.1, Petition, at

2.)  However, there is no evidence that Spicer ever filed a PLA in the Illinois Supreme Court.[2]

---

[2] As of April 9, 2010, Shepard's reports of *People v. Spicer*, 2008 Ill. App. LEXIS 248 (Ill. App. Ct. Feb. 25, 2008) (order denying rehearing), and *People v. Spicer*, 884 N.E.2d 675 (Ill. App. Ct. 2008) (modified opinion upon denial of rehearing) both indicate "no subsequent appellate history," and neither LexisNexis nor Westlaw contains any record of a PLA being filed in connection with Spicer's conviction.  In its answer, the State further says that "neither the Appellate Court of Illinois nor the Supreme Court of Illinois has any record of petitioner filing a PLA." Needless to say, there is no PLA in the record submitted by the State pursuant to Rule 5.

Rather, on July 28, 2009, approximately seventeen months after the appellate court's decision, Spicer filed a document styled as a "Petition for to Appeal—which appears to be an attempt at filing a PLA—in this court. (R.15.) And in that document, Spicer refers to the present petition as "Petitioner's motion for leave to appeal." (*Id.* at 2.)

On June 23, 2008, Spicer filed the present petition, in which he purports to raise three claims. *First*, "[t]he witness did not come to court at anytime. She did not come to trial at anytime." *Second*, "[a]ll evident [*sic*] was inconclusive it was all undone for the case and trial." *Third*, "[t]here was hearsay from a doctor who said the witness told him what happing [*sic*] to her." The State construes Spicer's first and third assertions as raising a Confrontation Clause challenge, i.e., that Mrs. Cartman's statement to Dr. Lahti should not have been admitted because Mrs. Cartman was not available for cross examination. The state construes Spicer's second assertion as challenging the sufficiency of the evidence for his forgery conviction. As any other construal of these claims would subject them to immediate procedural default, for they would not have been raised on direct appeal, the court agrees with this reading of Spicer's petition.

## STANDARD OF REVIEW

"A district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the court may issue a writ of habeas corpus only if the state court's determination of the petitioner's claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

- 3 -

proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Woods v. McBride*, 430 F.3d 813, 816 (7th Cir. 2005).

"A federal district court may not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001); *see* 28 U.S.C. § 2254(b)(1)(A). To exhaust those remedies, the petitioner must fully and fairly present each federal claim—i.e., its operative facts and controlling legal principles—to the state courts. *Chambers*, 264 F.3d at 737-38 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999)). And the petitioner must assert each claim "through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (quotation and citation omitted). Thus, the petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). If the petitioner fails to present his claims to the state courts, and the time for doing so has passed, the claims are subject to procedural default. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). A procedural default bars federal habeas corpus relief "unless the petitioner can demonstrate both cause for and prejudice stemming from the default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Id.* at 1026; *see Chambers*, 264 F.3d at 737.

## ANALYSIS

Spicer's' claims are all procedurally defaulted because he has not, and cannot now, present them to the Supreme Court of Illinois. First, Spicer never filed a PLA, and the time to do so has passed. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999) (failure to present claim in PLA to Supreme Court of Illinois is procedural default). A PLA must be filed within thirty-five days of the appellate court's denial of a rehearing. ILL. SUP. CT. R. 315(b)(1). The appellate

court denied rehearing on February 5, 2008, more than two years ago.  Second, a post-conviction

petition would not help Spicer present his claims to the Supreme Court of Illinois.  Even if the

time to file a post-conviction petition in the Circuit Court of Cook County had not passed, which

it has, *see* 725 ILCS 5/122-1(c), Spicer's claims are all based solely on the trial record and were

adjudicated on direct appeal.  Consequently, post-conviction review is not available.  *See People*

*v. Pitsonbarger*, 793 N.E.2d 609, 619 (Ill. 2002).  Spicer cannot satisfy the requirements of fair

presentment at this juncture, so his claims are procedurally defaulted.

Furthermore, Spicer has not alleged, much less demonstrated, either cause for and

prejudice from his default, or actual innocence.  He offers no reason for his failure to file a PLA,

except, perhaps, that he has confused a PLA with a petition for a writ of habeas corpus or some

other document that he can file in this court.  These are not easy matters for a *pro se* petitioner to

sort out, but that fact alone cannot constitute cause in a cause-and-prejudice analysis.  *Harris v.*

*McAdory*, 334 F.3d 665, 668 (7th Cir. 2003).  Federal habeas relief is therefore barred.

Lastly, Spicer is not entitled to a certificate of appealability.  "The district court must

issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Rule 11(a), RULES GOVERNING HABEAS CORPUS CASES (Eff. Dec. 1, 2009).  A district court may

issue a certificate of appealability "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "When the district court denies a

habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least,

that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Spicer's procedural default is simply not debatable: he has never presented any claim

arising from his conviction to the Supreme Court of Illinois. He is not entitled to a certificate of appealability.

## <u>CONCLUSION</u>

For the foregoing reasons, Spicer's petition for a writ of habeas corpus is DENIED, and the court declines to issue a certificate of appealability.

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge

**Dated: April 13, 2010**